UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-5829, <br><br> Defendants. | Civil Action No. 11-057 (CKK) |

**ORDER**
(March 9, 2011)

Plaintiff filed this action on January 10, 2011 asserting claims for copyright infringement against 5829 "John Doe" defendants who allegedly shared Plaintiff's copyrighted film over the internet using the BitTorrent peer-to-peer file sharing protocol. *See generally* Compl. Although Plaintiff does not know the identities of the defendants, Plaintiff has identified each defendant by the internet protocol ("IP") address assigned by the internet service provider ("ISP") at the date and time of the alleged infringing activity. On February 3, 2011, the Court granted Plaintiff's [4] Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, enabling Plaintiff to serve subpoenas on various ISPs in effort to identify the individuals associated with the IP addresses in question. The Court's order requires each ISP served with a subpoena to give written notice to the affected individuals of their rights to challenge the subpoena in the issuing court.

The Court anticipates that one or more of the "John Doe" defendants may seek to file a motion with this Court to quash a subpoena served pursuant to the Court's order. The Court further anticipates that one or more of these "John Doe" defendants may seek to proceed anonymously. "[P]arties to a lawsuit must typically openly identify themselves in their pleadings

to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995). However, the Court has discretion to grant litigants "rare dispensation" to proceed anonymously in exceptional circumstances. *Id.* at 1464; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979) (noting that litigants may proceed anonymously "[w]here the issues involved are matters of a sensitive and highly personal nature"). Several judges in this District have ruled that John Doe defendants do not have the right to anonymously challenge subpoenas that seek the disclosure of personal information they provided to their ISPs. *See Voltage Pictures, LLC v. Does 1-5000*, Civil Action No. 10-873, ECF No. 53 (D.D.C. Feb. 24, 2011) (Howell, J.); *Donkeyball Movie, LLC v. Does 1-171*, Case No. 10-cv-1520, ECF No. 18 (D.D.C. Jan. 14, 2011) (Sullivan, J.); *Maverick Entm't Grp., Inc. v. Does 1-4350*, Civil Case No. 10-569, ECF No. 17 (D.D.C. Nov. 24, 2010) (Leon, J.); *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4577*, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) (Collyer, J.).

Local Civil Rule 5.1(e) requires that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(e). Accordingly, parties who seek to challenge a subpoena anonymously must file this identifying information with the Court under seal pursuant to Local Civil Rule 5.1(j) accompanied by a motion to proceed anonymously setting forth the reasons why the Court should permit the party to remain anonymous. **The Clerk shall not accept for filing any anonymous motions that do not comply with these requirements. Any such motions that have been received by the Clerk to date shall not be docketed or considered by the Court unless they are re-filed in compliance**

**with these requirements.**

       **SO ORDERED.**

Date:  March 9, 2011                           _/s/_____
                                                             COLLEEN KOLLAR-KOTELLY
                                                             United States District Judge