## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WEST COAST PRODUCTIONS, INC.,

     Plaintiff,

     v.

JOHN DOES 1-5829,

     Defendants.

Civil Action No. 11-057 (CKK)

## ORDER
### (April 13, 2011)

Plaintiff filed the Complaint in this action on January 10, 2011 against 5828 "John Doe" Defendants alleging that Defendants unlawfully downloaded and/or distributed Plaintiff's copyrighted film using the BitTorrent internet file-sharing protocol.[1]  The Defendants are identified in the Complaint by the internet protocol ("IP") address they used to allegedly share Plaintiff's copyrighted work at a particular date and time.  On February 3, 2011, the Court granted Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, enabling Plaintiff to serve subpoenas on various internet service providers ("ISPs") for the purpose of obtaining information to identify the John Doe Defendants.  On April 4, 2011, Plaintiff filed a Status Report indicating the progress of its discovery.  In its Status Report, Plaintiff indicated that it had received subscriber information from ISPs with respect to 183 IP addresses.[2]  Plaintiff also

---

[1] As of the date of this Order, Plaintiff has voluntarily dismissed its claims against John Does numbered 580, 622, 675, 679, 722, 825, 838, 876, 1087, 1148, 1172, 1474, and 1498.

[2] These are 33 IP addresses from RCN (Neustar), 39 from Sprint, 31 from Verizon, 44 from WideOpenWest, and 36 from Windstream.

indicated that subscriber information with respect to 128 IP addresses had not been retained by

the ISPs and therefore would not be available.[3]  Plaintiff indicated that it is continuing to

negotiate with ISPs regarding production of subscriber information relating to the remaining IP

addresses.

The Court directs Plaintiff's attention to Federal Rule of Civil Procedure 4(m), which

provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on
> motion or on its own after notice to the plaintiff—must dismiss the action without
> prejudice against that defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must extend the time
> for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Unless service is waived, proof of service must be made to the Court.  Fed.

R. Civ. P. 4(l).  As Plaintiff filed its Complaint on January 10, 2011, it has until May 10, 2011 to

serve the defendants or risk dismissal without prejudice with respect to those defendants not

served.  Because Plaintiff appears to be working with ISPs to ascertain the identities of the John

Doe defendants, it appears to the Court that there is good cause to extend the period of service

under Rule 4(m) with respect to those Defendants that have not yet been identified.  However,

the Court shall monitor Plaintiff's discovery efforts to ensure that it is working diligently to

identify the John Does.

The Court also notes that it has received a number of motions to quash subpoenas and/or

motions to dismiss from various John Doe defendants.  The Court has allowed these motions to

be filed on the docket as long as the filing party has provided contact information and otherwise

---

[3] These are 126 IP addresses from Clearwire, 1 IP addres from RCN (Neustar), and 1 IP
address from WideOpenWest.

2

complied with the Court's rules.  However, the Court has denied leave for the Clerk to docket

these motions where it appears that the filer seeks to remain anonymous and the filer has not

complied with the procedures outlined by the Court in its March 9, 2011 Order.  *See* [9] Order

(Mar. 9, 2011).  Plaintiff shall file a response to each of the motions that have been filed on the

docket by no later than April 22, 2011, and Plaintiff shall file responses to any subsequent

motions docketed within the time required by the Court's local rules.  *See* LCvR 7(b) (requiring

oppositions to motions to be filed within 14 days of service).

Accordingly, it is, this 13th day of April, 2011, hereby

**ORDERED** that by April 22, 2011, Plaintiff shall file a Status Report that indicates

which of the John Doe Defendants have been identified as of April 15, 2011, which John Doe

Defendants remain the subjects of pending subpoenas, and which John Doe Defendants cannot

be named due to lack of available information from an ISP.  It is further

**ORDERED** that by May 16, 2011, Plaintiff shall cause process to be served on all John

Doe Defendants who have been identified by Plaintiff as of April 15, 2011 or who cannot be

named due to lack of available information from an ISP, or risk mandatory dismissal with respect

to those defendants pursuant to Rule 4(m).  Plaintiff shall file proof of service as to these

defendants by no later than May 23, 2011.  It is further

//

//

//

//

//

3

**ORDERED** that Plaintiff shall file responses to the each of the motions to quash and/or dismiss that have been filed on the Court's docket by no later than April 22, 2011, and Plaintiff shall file responses to any subsequent motions docketed within the time required by the Court's local rules.

**SO ORDERED.**

Date:   April 13, 2011

_/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

4