**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WEST COAST PRODUCTIONS, INC.** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CA. 1:11-cv-00057-CKK |
| ) | |
| **DOES 1 – 5829,** ) | |
| ) | |
|     **Defendants.** ) | |
| _____) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH
[DOC. NO. 11]**

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT ......................................................................................................................2

    A. STANDARDS ON MOTIONS TO QUASH.................................................................2

    B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID INFRINGE PLAINTIFF'S COPYRIGHTS ................................................................................3

    C. DOE DEFENDANT'S ARGUMENT THAT HE DID NOT ENGAGE IN THE ALLEGED INFRINGEMENT IS INAPPROPRIATE ON A MOTION TO QUASH...................4

    D. DOE DEFENANT'S MOTION IS PROCEDURALLY DEFECTIVE .........................5

III. CONCLUSION...................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1 (D.D.C. 2008) ............................................3

Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) ......................................6

Flatow v. Islamic Republic of Iran, 196 F.R.D. 203 (D.D.C. 2000) ................................................5

Fonovisa, Inc. v. Does 1-9, 2008 WL 919701 (W.D. Pa.) ................................................................5

Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017 (Fed. Cir. 1986) ..................................3

Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961) ...........................................2

Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) .................................6

Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR)

(D.D.C.) ............................................................................................................................................6

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C. Cir. 1984) ...............................2

Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) ...........6

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) ...................................6

U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979) ........................................................2

Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1 (D.D.C. 2007) ......................................6

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965) ......................2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff submits this Memorandum of Points and Authorities in Opposition to Carlos Pacheco's Motion to Quash.[1]

### I.   INTRODUCTION

As a brief reminder to the Court, Plaintiff filed this action on January 10, 2011 asserting claims for copyright infringement against 5829 "John Doe" defendants for sharing Plaintiff's copyrighted film over the internet using a BitTorrent peer-to-peer file sharing protocol. *See generally* Complaint [Doc. 1]. At the time of filing its Complaint, Plaintiff was only able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access as this information is readily available to the ISPs from documents they keep in the regular course of business.

On February 3, 2011, the Court granted Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference. [Doc. No. 6]. The following day, after the Court's Order approving Plaintiff to conduct discovery, Plaintiff confirmed various ISPs as potential subjects of discovery requests. Pursuant to the Court's Order, on February 4, 2011, Plaintiff issued service of subpoenas to all ISPs that are known to be potential subjects of discovery requests in this matter to identify the Doe Defendants. The Court's

1

---

[1] Inasmuch as no Defendants have been named individually undersigned counsel did not serve this pleading on any Defendants other than the movant.

Order required the various ISPs to notify any affected subscribers of their right to challenge the subpoena in the issuing Court. The instant Motion to Quash ("Motion") was brought by one of the affected subscribers to challenge the subpoena to his ISP. Because the Motion fails to provide good cause for quashing the subpoena, Plaintiff requests that the Motion be denied.

II. ARGUMENT

A. STANDARDS ON MOTIONS TO QUASH

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C. Cir. 1984). The district court must balance

2

"the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue. See Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); see also Fonovisa, Inc. v. Does 1-19, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. April 3, 2008) (holding that if the individual or entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the individual or entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

### B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID INFRINGE PLAINTIFF'S COPYRIGHT

The Court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss. [See Doc. No. 6, Court's February 3, 2011 Order on Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference]. As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [See

Doc. No. 4], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant. *See id.* This information was obtained by proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declaration in support of the Motion for Discovery. *See id.* However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further. *See id.* Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's Movie on a specific date and time. *See id.* Again, Plaintiff utilized proprietary technology that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems. *See id.* Accordingly, Defendant's IP address at the time of the alleged infringement were included in this case because the Defend was involved in offering files corresponding to Plaintiff's Movie for unlawful transfer or distribution. *See id.*

### C. DOE DEFENDANT'S ARGUMENT THAT HE DID NOT ENGAGE IN THE ALLEGED INFRINGEMENT IS INAPPROPRIATE ON A MOTION TO QUASH.

The instant Motion is wholly premised upon the argument that the movant did not engage in the alleged infringement. However, these statements amount to nothing more

4

than the Doe Defendant's potential defenses in this case.

The merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.  The court typically only examines the relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed to determine whether there is an "undue burden."  Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 206 (D.D.C. 2000), *vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002).  As shown herein, there is no burden on these Doe Defendants, and Plaintiff's need for the documents is critical.

While this Doe Defendant may have defenses to this suit, such defenses are not at issue at this stage of the proceedings.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

D.  DOE DEFENDANT'S MOTION IS PROCEDURALLY DEFECTIVE

This Motion is procedurally defective in that this Doe Defendant never attempted to meet and confer with Plaintiff's counsel.

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a goodfaith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. … A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCvR Rule 7(m).[2]

Here, this Motion did not include statements that any meet and confer discussions occurred because no such discussions have occurred. Had this Doe Defendant met and conferred with Plaintiff's counsel, Plaintiff's counsel could have made this Doe Defendant aware of authorities showing that the Motion is not justified.

### III.   CONCLUSION

This Doe Defendant has not demonstrated any reason to quash the subpoena. As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one. See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

Plaintiff has shown good cause for obtaining information related to the Doe Defendant from the non-party ISPs, especially when considering that these ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Therefore, the Court should deny this Motion and allow

6

---

[2] Further, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

        Respectfully submitted,
        West Coast Productions, Inc.

**DATED**: April 22, 2011

By:   /s/_____
        Ellis L. Bennett, Bar #479059
        Dunlap Grubb & Weaver, PLLC
        199 Liberty Street, SW
        Leesburg, VA 20175
        ebennett@dglegal.com
        703-777-7319 (telephone)
        703-777-3656 (fax)

        On Behalf of Kenneth J. Ford, *Not Admitted*
        Adult Copyright Company
        322 W. Washington Street, Suite 8
        Charles Town, WV 25414
        kford@adultcopyrightcompany.com
        304-945-0288 (telephone)
        304-945-0288 (select fax option)
        *Attorney for the Plaintiff*

**CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing was sent to the below listed Doe Defendant by first class mail this 22nd Day of April, 2011.

             /s/ _____
             Ellis L. Bennett, Bar #479059

Carlos Pacheco
288 Norman Street
Fall River, MA 02721