**U.S. DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| West Coast Productions, Inc. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case Number 1:11-cv-00057-CKK** |
| | ) | |
| DOES 1 – 5829 | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO NAME AND SERVE**

**DEFENDANTS [Fed. R. Civ. P. 4(m)]**

I. INTRODUCTION

      Plaintiff submits this motion and requests an extension of time to name and serve

Defendants.

      To briefly remind the Court, Plaintiff has identified certain Defendants who have

unlawfully copied and distributed Plaintiff's motion picture (the "Movie") over the Internet.

Plaintiff's complaint was filed on January 10, 2011.  [Doc. No. 1].  At the time of filing its

Complaint, Plaintiff was only able to identify the Doe Defendants by their IP address and the

date and time of alleged infringement.  The only way that Plaintiff can determine Defendants'

actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and

from which Defendants obtain Internet access, as this information is readily available to the ISPs

from documents they keep in the regular course of business.

      On February 3, 2011, the Court granted Plaintiff's Motion for Leave to Take Discovery

Prior to the Rule 26(f) Conference.  [Doc. No. 6].  The following day, after the Court's Order

approving Plaintiff to conduct discovery, Plaintiff confirmed various ISPs as potential subjects of

discovery requests.  Pursuant to the Court's Order, on February 4, 2011, Plaintiff issued service

of subpoenas to all ISPs that are known to be potential subjects of discovery requests in this

matter to identify the Doe Defendants.  Pursuant to that order, Plaintiff has served the ISPs with

subpoenas to identify the Doe Defendants.  Therein, Plaintiff has received information from

some of the ISPs but not all of them.  Additionally, Plaintiff anticipates sending correspondence

to the Doe Defendants identified by the ISPs in an attempt to settle with those Doe Defendants

before naming and serving them and reduce further litigation.

> Pursuant to the Court's Order of April 13, 2011:
>
> As Plaintiff filed its Complaint on January 10, 2011, it has until May 10, 2011
> to serve the defendants or risk dismissal without prejudice with respect to those
> defendants not served.  Because Plaintiff appears to be working with ISPs to
> ascertain the identities of the John Doe defendants, it appears to the Court that
> there is good cause to extend the period of service under Rule 4(m) with respect
> to those Defendants that have not yet been identified.  However, the Court shall
> monitor Plaintiff's discovery efforts to ensure that it is working diligently to
> identify the John Does.

[Doc. No. 31 at p. 2].

On April 22, 2011 Plaintiff filed a status report [Doc. No. 40] setting forth the status of

identification of the John Doe defendants as of April 15, 2011.

Therefore, with respect to those John Doe Defendants for whom identifying information

was not received as of April 15, 2011, Plaintiff requests that the Court extend the time by which

Plaintiff must name and serve the Defendants in this case to a reasonable time after Plaintiff has

received the identifying information for those Defendants.

## II. ARGUMENT

### A.     UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period."  Id. (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended.").  Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause.  See Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[1]

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001).  "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'"  Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct

---

[1] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'"  Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

discovery to identify the defendants and subsequently name and serve them.  See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

> ### B.      PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

As acknowledged by the Court in its Order of April, 13, 2011, Plaintiff has good cause as to why it has not named and served many of the Doe Defendants in this case.  More specifically, Plaintiff has not yet received information in response to all of the subpoenas Plaintiff has served on the ISPs.  The subpoenas for which Plaintiff has not yet received complete productions constitute a significant number of the Doe Defendants.  See Doc. No. 40.  Plaintiff has not received this information because of the number of IP address requests and certain ISPs' capabilities, including responding to subpoenas in similar cases, have required extensions of the production dates.

As detailed in Plaintiff's status report filed on April 22, 2011, Plaintiff's counsel anticipates receiving much more production in the coming weeks and months.  In working with, among others, Comcast, Charter and Verizon on this case, Plaintiff's counsel has agreed to schedules for production for these ISPs that attempt to minimize the burdens on the ISPs and

avoid any motions practice in court.  In fact, as recently as today during a telephone

conversation, Comcast advised counsel that complete production can be expected as early as the

end of June 2011.[2]

Further, Plaintiff plans on sending correspondence to the Doe Defendants identified by

the ISPs in an attempt to settle with those Doe Defendants before naming and serving them.

Plaintiff has, or shortly will, send correspondence to the Doe Defendants who have been

identified to date.  However, Plaintiff can not send out correspondence on the remaining

subpoenas until Plaintiff receives the information from the ISPs.

Additionally, Plaintiff has not received identifying information for certain individuals

from the ISPs because of motions filed with the Court that remain pending.

Accordingly, good cause exists as to why Plaintiff has not yet named and served the

remaining Doe Defendants in this case.  First, Plaintiff has not yet received all of the identifying

information for all Doe Defendants.  Second, Plaintiff has not yet been able to send

correspondence to the Doe Defendants in an attempt to reduce the number of Defendants and

lessen the overall litigation of this case.  Further, the remaining Doe Defendants have not been

prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.

Therefore, the Court should extend the time for service for an appropriate period to allow

Plaintiff to obtain identifying information from the remaining ISPs.  In the alternative, the Court

---

[2]  Please note this is an informal estimated date that could change depending on other requests for information, but at present Comcast's impression is that production on or before the end of June 2011 is a reasonable estimate.  Notably, as the Court is aware, Comcast is the ISP with the highest number of Doe Defendants in this Case.

should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.[3]

III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case.  In an abundance of caution, Plaintiff requests an additional 180 days in which to effectuate service, request a further extension for Doe Defendants not named at that point, or voluntarily dismiss this case without prejudice.

Respectfully submitted,
West Coast Productions, Inc.

**DATED**:  May 2, 2011

By: /s/ _____
Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)

On Behalf of Kenneth J. Ford, *Not Admitted*
Adult Copyright Company
322 W. Washington Street, Suite 8
Charles Town, WV 25414
kford@adultcopyrightcompany.com
304-945-0288 (telephone)
304-945-0288 (select fax option)
*Attorney for the Plaintiff*

---

[3]  If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice.  Fed. R. Civ. P. 4(m).