Motion to Seal

Due to the inflammatory and potentially damaging allegations of a pornographic video download in this case, the defendant requests that the court seal this motion in pursuant to Local Civil Rule 5.1.

## Motion to Proceed Anonymously

Parties to a lawsuit must generally identify themselves. Fed. R. Civ. P. 10(a) (complaint must "include the names of all the parties"). This rule protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties. K.D. v. City of Norwalk, No 3:06cv406, 2006 WL 1662905, at *1 (D. Conn. 2006). A party may proceed anonymously only after demonstrating "a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." K.D. v. City of Norwalk, 2006 WL 1662905, at *1 (citing Fed. R. Civ. P. 10(a); Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981)).

Upon information and belief, a substantial privacy right as well as my constitutional right of free speech outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings" Id. The United States Supreme Court has also made clear that the First Amendment's protection extends to speech on the internet. See Reno v. ACLU, 521 U.S. 844, 870-71 (1997) (applying First Amendment analysis to online speech, noting "[t]hrough the use of chat rooms, any person with a phone line can become a town crier with a voice that resonates farther than it could from any soapbox. Through the use of Web pages, mail exploders and newsgroups, the same individual can become a pamphleteer."). Courts also recognize that anonymity is a particularly important component of Internet speech. "Internet anonymity facilitates the rich, diverse, and far ranging exchange of ideas [;] ... the constitutional rights of Internet users, including the First Amendment right to speak anonymously, must be carefully safeguarded." Doe v. 2 The Mart.com, Inc., 140 F Supp 2d 1088, 1092, 1097 (W.D. Wash. 2001).

Further, as the Court can plainly see from these proceedings, that Plaintiff's have used this lawsuit merely for a vehicle to obtain names so as to send out thousands of settlement demands based on speculative and un-attested technological data collection by unknown parties. Upon information and belief, Plaintiff's cannot, and will not file individual suits against the various John Doe defendants, apart from a few "token" cases used to further leverage settlements that range up to several thousand dollars each. Further, Plaintiff uses the threat of public exposure of pornographic content to shame and embarrass potential Does into settling the case with minimal time and investment. Upon information and belief, under the guise of "discovery" Plaintiff, and their attorney's who have a direct financial stake in the outcome of these "settlements" have turned this Court into a settlement factory As such this entire suit and other's like it are entirely "for-profit" suits. Upon information and belief, no defense or explanation will suffice to get me out of this suit to which I have wrongfully been added. Plaintiff's attorneys will only accept cash, check or credit card. Upon information and belief, the Plaintiff's have no intention of pursing me in this Court and they are aware it has no jurisdiction over me, and are only using this suit as a vehicle to get my name so that they may solicit an unfounded "settlement" offer, of which the attorney's will keep the majority.

In this case, FRCP Rule 10(a) is not offended as the issues and public interests in these cases are fully satisfied without exposing the identity of one of thousands of Does. Without being able to proceed anonymously, it may be difficult if not impossible to raise legitimate defenses and questions regarding Plaintiff accusations. For the forgoing reasons, good cause exists to proceed anonymously