UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC. ) | *** UNDER SEAL *** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-057 (CKK) |
| ) | |
| JOHN DOES 1-5829 ) | |
| ) | |
| Defendant. ) | |

## MOTION OF JOHN DOE No. 1478 TO PROCEED ANONYMOUSLY

Pursuant to the Court's order dated March 9, 2011, *pro se* Defendant John Doe No. 1478[1] respectfully moves for an order permitting him to proceed anonymously.

Plaintiff has filed this case with a blatant disregard for the rights of the Movant, particularly with respect to this Court's lack of personal jurisdiction. As described in the accompanying motions, the Plaintiff could have determined within minutes using free Internet tools that the Movant's IP address originates from Maryland. It seems clear that the only reason this case was filed in this Court was to attempt to forum-shop after receiving an adverse result based on improper joinder in *West Coast Productions, Inc. v. Does 1-535*, No. 3:10-CV-94 (N.D.W.V.)

The Plaintiff's clear litigation strategy is to obtain large settlements based on the threat that defendants will be irreparably harmed if their identities are made public. Alternatively, the Plaintiff seeks to obtain the Defendants' contact information so it can engage in a shake-down campaign. Unless the Movant can proceed anonymously, especially until his motions are resolved, the Court's rulings on the subpoena and jurisdictional issues will essentially be moot –

---

[1] Pursuant to Local Civil Rules 5.1(e) and (j), and the Court's Order dated March 9, 2011, Movant has filed an accompanying Motion for Leave to File Under Seal containing his full name and address.

the Plaintiff will have succeeded in "gaming the system" by obtaining through court procedure what it may not have be entitled to obtain through issuance of a subpoena or filing of its Complaint. If the Court in West Virginia had required the defendants to enter an appearance – even if under seal -- before it found that they were impermissibly joined, the Plaintiff would have been able to misuse the Court to obtain settlement leverage.

As the Movant states in his Declaration, he did not commit the acts alleged by the Plaintiff. If his identity is disclosed in this litigation, he will forever be linked to a highly embarrassing – and untrue – allegation. In the age of Google, it is near-impossible to clear one's name. The Plaintiff's allegation will be easily discoverable by his family, creditors, employers, and colleagues – few of whom will understand what it means that he later was dismissed from the case. Even if the Motion to Seal is granted, disclosure of the Movant's identity to the Plaintiff will likely result in a stream of threatening letters and calls. Having to choose between these consequences and paying the Plaintiff's settlement demand is a steep price to pay for having used an unprotected wireless router.

For the reasons stated above, Movant respectfully asks that this Motion be granted.

/s/
_____
John Doe No. 1478
*Pro se*
April 22, 2011

2