IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:2011-cv-00057-CKK |
| ) | |
| DOES 1-5829, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MOTION TO QUASH

Defendant Doe #1141 moves for an order quashing the subpoena served upon Comcast Cable Communications as it pertains to Doe #1141, on the grounds that

(1) the subpoena fails to state the court from which the subpoena has issued, and the court in which it is pending, in violation of Rule 45 (a)(1)(A), Federal Rules of Civil Procedure, and therefore is defective on its face, and fails to establish jurisdiction over Comcast or the Doe Defendants;

(2) even if it is construed as issuing from the U.S.D.C. for the District of Columbia, it must be quashed under Rule 45( c)(3)(A)(ii), because it requires the Custodian of Records of Comcast, located in Moorestown, New Jersey, to produce documents at the office of Plaintiff's counsel in Washington, D.C., which is more than 150 miles away;

(3) must be quashed under Rule 45( c)(3)(A)(ii) because it subjects Doe Defendant #1141, apparently an identified customer of Comcast, to undue burden, in that his name will be revealed to Plaintiff, resulting in the invasion of Defendant's privacy, and causing Defendant, a private retired citizen, to have to defend himself in an action more than 1500 miles from his home.

This motion is based upon Rule 45,( c)(3) and the following points and authorities.

1

Defendant Doe #1141

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

Defendant has been served with a copy of a subpoena on Form AO 88B (Rev. 06/09), which appears to be pre-printed. At the top, the form states "United States District Court for the " but no district court is asserted. According to representations made by Comcast, the subpoena was served upon Comcast Cable Communications at a Moorestown, New Jersey address. The Form states, below the action number, "(If the action is pending in another district, state where:   )". No district is stated in that section. The subpoena calls for production at an office in Washington, D.C. Moorestown, New Jersey, is more than 150 miles from Washington, D.C.

Defendant is a private citizen who lives more than 1500 (one thousand five hundred) miles from Washington, D.C. Defendant has been informed by Comcast that Comcast believes that Defendant's "IP" address is an address included on a spreadsheet produced by the plaintiff with the subpoena served upon Comcast.

The complaint and attachments to the subpoena to Comcast in this action allege that the defendants downloaded pornography. Defendant considers the allegations to be untrue with respect to himself, as well as offensive and sensitive.

## DISCUSSION

1. The Subpoena Is Invalid.

The subpoena fails to state the court from which the subpoena has issued, and the court in which it is pending, in violation of Rule 45 (a)(1)(A), Federal Rules of Civil Procedure, and therefore is defective on its face, and fails to establish jurisdiction over Comcast or the Doe Defendants. Therefore, the subpoena is invalid and unenforceable.

2. The Subpoena Should Be Quashed.

Even if the subpoena is construed as issuing from the U.S.D.C. for the District of Columbia, it must be quashed under Rule 45( c)(3)(A)(ii), because it requires the Custodian of Records of Comcast, located in Moorestown, New Jersey, to produce documents at the office of Plaintiff's counsel in Washington, D.C., which is more than 150 miles away.

In addition, the subpoena should be quashed under Rule 45( c)(3)(A)(ii) because it subjects Doe Defendant #1141, apparently an identified customer of Comcast, to undue burden, in that his name will be revealed to Plaintiff, resulting in the invasion of Defendant's privacy, and causing Defendant, a private retired citizen, to have to defend himself in an action more than 1500 miles from his home

Therefore, Doe Defendant #1141 requests that the subpoena be declared INVALID or be QUASHED.

Dated this 14th day of April, 2011.

_____
Doe Defendant #1141

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2011, I served a copy of the foregoing document, via U.S. Mail, on:

Ellis L. Bennett, Esq.
Dunlap Grubb & Weaver, PLLC
199 Liberty St., SW
Leesburg, VA  20175
ebennett@dglegal.com
Attorney for Plaintiff West Coast Productions, Inc.

/s/ _____