UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WEST COAST PRODUCTIONS, INC.,

    Plaintiff,

    v.

JOHN DOES 1-5829,

    Defendants.

Civil Action No. 11-057 (CKK)

**ORDER**
(May 11, 2011)

Plaintiff filed the Complaint in this action on January 10, 2011 against 5829 "John Doe" Defendants alleging that Defendants unlawfully downloaded and/or distributed Plaintiff's copyrighted film using the BitTorrent internet file-sharing protocol.[1] The Defendants are identified in the Complaint by the internet protocol ("IP") address they used to allegedly share Plaintiff's copyrighted work at a particular date and time. On February 3, 2011, the Court granted Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, enabling Plaintiff to serve subpoenas on various internet service providers ("ISPs") for the purpose of obtaining information to identify the John Doe Defendants. On April 13, 2011, the Court ordered Plaintiff to file a Status Report indicating which of the John Doe Defendants had been identified as of April 15, 2011, which John Doe Defendants remained the subject of pending subpoenas, and which John Doe Defendants could not be named due to a lack of available

---

[1] As of the date of this Order, Plaintiff has voluntarily dismissed its claims against John Does numbered 580, 622, 675, 679, 722, 825, 838, 876, 862, 892, 1077, 1087, 1148, 1172, 1253, 1274, 1474, 1498, 1648, 1771, 1987, 2609, 2672, and 4481.

information from an ISP.  The Court further ordered Plaintiff to cause process to be served on all John Doe Defendants who had been identified as of April 15, 2011 or who could not be named due to lack of available information from an ISP by no later than May 16, 2011, or risk mandatory dismissal with respect to those defendants pursuant to Federal Rule of Civil Procedure 4(m).

On April 22, 2011, Plaintiff filed a Status Report providing the information requested by the Court.  According to the Status Report, Plaintiff had identified 797 of the John Doe Defendants by April 15, 2011.  Plaintiff also indicated that 320 John Doe Defendants could not be identified due to lack of available information from an ISP.  Plaintiff indicated that 4697 John Doe Defendants remained the subject of pending subpoenas.

Presently pending before the Court is Plaintiff's [48] Motion for Extension of Time to Name and Serve Defendants.  Plaintiff requests that the Court extend the time by which Plaintiff must name and serve those defendants for which it did not receive identifying information as of April 15, 2011.  Pursuant to Rule 4(m), the Court must extend the time for service if the plaintiff shows good cause for failing to serve defendants within 120 days after the complaint has been filed.  Plaintiff contends that there is good cause for an extension of time because Plaintiff is diligently working with ISPs to identify the unknown defendants so that they can be named and served.  The Court agrees with Plaintiff that there is good cause for an extension of time at this point with respect to those John Doe defendants who, as of April 15, 2011, remained the subject of pending subpoenas.  However, the Court shall not permit this case to languish on its docket indefinitely.

Accordingly, it is, this 11th day of May, 2011, hereby

**ORDERED** that Plaintiff's [48] Motion for Extension of Time to Name and Serve Defendants is GRANTED. It is further

**ORDERED** that those John Doe Defendants identified by Plaintiff as of April 15, 2011 and those John Doe Defendants who could not be identified due to lack of available information from an ISP according to Plaintiff's April 22, 2011 Status Report shall be dismissed from this action without prejudice unless they are served with process by May 16, 2011. Plaintiff shall file proof of service as to these defendants by no later than May 23, 2011. It is further

**ORDERED** that by June 1, 2011, Plaintiff shall file a Status Report that indicates: (a) which of the John Doe Defendants have been dismissed; (b) which of the John Doe Defendants have been identified as of May 20, 2011; (c) which John Doe Defendants remain the subjects of pending subpoenas; and (d) which John Doe Defendants cannot be named due to lack of available information from an ISP. It is further

**ORDERED** that by June 20, 2011, Plaintiff shall cause process to be served on all John Doe Defendants who have been identified by Plaintiff as of May 20, 2011 or who cannot be named due to lack of available information from an ISP, or risk mandatory dismissal with respect to those defendants pursuant to Rule 4(m). Plaintiff shall file proof of service as to these defendants by no later than June 27, 2011. It is further

**ORDERED** that the deadline to serve all other defendants shall be extended to June 30, 2011.

**SO ORDERED.**

Date: May 11, 2011

                                                  /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge