### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

WEST COAST PRODUCTIONS, INC.,

    Plaintiff,

    v.

JOHN DOES 1-5829,

    Defendants.

Civil Action No. 11–57 (CKK)

### MEMORANDUM OPINION
(June 10, 2011)

Plaintiff West Coast Productions, Inc. filed the Complaint in this action on January 10, 2011 against 5829 "John Doe" Defendants alleging that Defendants unlawfully downloaded and/or distributed Plaintiff's copyrighted film using the BitTorrent internet file-sharing protocol. The Defendants are identified in the Complaint by the internet protocol ("IP") address they used to allegedly share Plaintiff's copyrighted work at a particular date and time. On February 3, 2011, the Court granted Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, enabling Plaintiff to serve subpoenas on various internet service providers ("ISPs") for the purpose of obtaining information to identify the John Doe Defendants. Pursuant to the Court's order permitting such discovery, ISPs that are served with such subpoenas must give notice to their subscribers before turning over their contact information. In turn, many of the putative John Doe Defendants whose contact information has been subpoenaed by Plaintiff have filed or attempted to file motions with this Court seeking to quash these subpoenas and prevent the ISPs from turning over their contact information. These motions present the Court with myriad legal issues, and the Court ordered Plaintiff to file a legal brief responding to these

motions.  Plaintiff filed its brief on June 3, 2011, and the Court now issues this Memorandum

Opinion to resolve the issues raised by these motions.

   For the reasons explained below, the Court finds that the movants' privacy interest in

their identifying information does not outweigh Plaintiff's need to obtain such information to

pursue its copyright claims.  Therefore, the Court finds that there is no basis to quash or modify

the subpoenas based on the movants' alleged privacy interests or to allow the movants to proceed

anonymously.  Furthermore, the Court finds that until Plaintiff has named and served the

defendants in this action, it is premature to evaluate the movants' assertions that this Court lacks

personal jurisdiction over them.  The Court further finds that based on the allegations in the

Complaint, Plaintiff has satisfied the requirements for permissive joinder of the John Doe

Defendants in this action.  The Court further finds that the movants lack standing to assert other

procedural objections to the subpoenas served on ISPs.  Accordingly, the Court shall deny the

various motions to quash or for protective orders relating to the subpoenas served by Plaintiff and

the alternative motions to dismiss or sever accompanying those motions.  The Court shall also

deny the motions filed by movants seeking to proceed anonymously and instruct the Clerk of the

Court not to accept such motions for filing.

### DISCUSSION

   The motions that have been filed by the putative John Doe Defendants in this action raise

a series of legal issues that must be addressed by the Court.  First, the Court must determine

whether to permit these movants to proceed anonymously in seeking to quash the subpoenas

served by Plaintiff or dismiss the claims against them.  Second, the Court must determine

whether there is any basis to quash a subpoena seeking the identity of a John Doe Defendant.  In

making this determination, the Court must also determine whether any of the movants can raise

the defense of lack of personal jurisdiction before they have been named in the Complaint.  The

Court must also consider whether the John Doe Defendants have been improperly joined in this

action.  The Court shall address these issues below.

A.      *The Right of John Doe Defendants to Proceed Anonymously*

Because Plaintiff has served subpoenas seeking to learn the identities of the various John

Doe Defendants, most John Doe Defendants who have filed motions to quash the subpoenas

have sought to do so anonymously.  However, both the Federal Rules of Civil Procedure and the

Local Civil Rules require that persons filing papers in this Court identify themselves in their

papers.  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be

signed by at least one attorney of record in the attorney's name—or by a party personally if the

party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone

number."); LCvR 5.1(e)(1) ("The first filing by or on behalf of a party shall have in the caption

the name and full residence address of the party.").  "[P]arties to a lawsuit must typically openly

identify themselves in their pleadings to protect the public's legitimate interest in knowing all the

facts involved, including the identities of the parties."  *United States v. Microsoft Corp.*, 56 F.3d

1448, 1463 (D.C. Cir. 1995) (internal quotation marks and citation omitted).  The public has a

common law right of access to judicial records, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 597-98 (1978), and allowing a party to litigate anonymously undermines that public right.

Accordingly, federal courts generally allow parties to proceed anonymously only under certain

special circumstances when anonymity is necessary to protect a person from harassment, injury,

ridicule, or personal embarrassment.  *Does I Through XXIII v. Advanced Textile Corp.*, 214 F.3d

1058, 1067-68 (9th Cir. 2000); *accord S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979) ("Where the issues involved are matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter.") (internal quotation marks and citations omitted).

In determining whether to grant the "rare dispensation" of anonymity to a litigant, the Court must take into account the risk of unfairness to the opposing party as well as the general presumption of openness in judicial proceedings. *Microsoft*, 56 F.3d at 1464. Other relevant factors to be considered by the Court include whether identification creates a risk of retaliatory physical or mental harm, whether anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature, and whether the anonymous party may be compelled to admit his or her intention to engage in illegal conduct, creating a risk of criminal prosecution. *Advanced Textile Corp.*, 214 F.3d at 1068. In this case, the movants seek to proceed anonymously in order to prevent Plaintiff from obtaining the contact information that they previously provided to their ISPs. Moreover, they are doing so in order to avoid being targeted for allegedly infringing Plaintiff's copyrighted film. Courts within this district have uniformly held that the privacy interest in such identifying information is minimal and not significant enough to warrant the special dispensation of anonymous filing. *See Call of the Wild Movie, LLC v. Does 1-1,062*, Civil Action No. 10-455, slip op. at 6-7 (D.D.C. Feb. 24, 2011) (Howell, J.); *Donkeyball Movie, LLC v. Does 1-171*, Case No. 10-cv-1520 (D.D.C. Jan. 14, 2011) (Sullivan, J.); *Maverick Entm't Grp., Inc. v. Does 1-4,350*, Civil Case No. 10-569 (D.D.C. Nov.

24, 2010) (Leon, J.); *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. Does 1-4,577*, 736 F.

Supp. 2d 212, 216 (D.D.C. 2010) (Collyer, J.) ("With regard to Mr. Doe's assertion that the

information sought is 'personal,' courts have held that Internet subscribers do not have an

expectation of privacy in their subscriber information as they already have conveyed such

information to their Internet Service Providers.").  This Court agrees that this matter is not among

the limited class of cases in which anonymous filing is necessary to protect the privacy interests

of the putative defendants.

Accordingly, the Court shall deny the movants' requests to proceed anonymously in this

action and direct the Clerk of the Court not to docket any motions filed by litigants who seek to

proceed anonymously.  Because some movants have provided their contact information to the

Court under seal and may wish to proceed with their motions notwithstanding the Court's ruling,

the Court shall address the merits of the motions to quash that are now pending before the Court.

### B.    *Motions to Quash Subpoenas*

The movants seeking to quash the subpoenas requesting their contact information from

ISPs have presented a variety of arguments in support of their motions.  Federal Rule of Civil

Procedure 45 provides that on timely motion, the issuing court must quash or modify a subpoena

that, *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or

waiver applies," or "subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3).  A substantial

number of the movants claim that they have no knowledge of the alleged infringing activity, or

that someone else downloaded and/or distributed Plaintiff's copyrighted film using their IP

address, possibly through an unsecured wireless network connection.  However, objections such

as these are essentially irrelevant and premature because they go to the merits of Plaintiff's

claims and do not address the propriety *vel non* of the subpoenas.  The Court has authorized

Plaintiff to serve subpoenas on ISPs for the purpose of identifying the individuals associated with

the IP addresses that were allegedly used to infringe Plaintiff's copyright.  Whether these

individuals are actually liable is a contested issue of fact that remains to be litigated, and

movants' protestations of innocence do not give the Court a proper basis to quash or modify the

subpoenas seeking their contact information.

    Many movants have also argued that their internet activity is protected by the First

Amendment and/or their constitutional right to privacy, and therefore their identifying

information should not be turned over by their ISP as demanded by the subpoenas.  However, as

this Court has previously noted, "courts have routinely held that a defendant's First Amendment

privacy interests are exceedingly small where the 'speech' [at issue] is the alleged infringement

of copyrights." *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008)

(citations omitted).  Accordingly, this Court has held that where, as here, a plaintiff has made a

prima facie claim of copyright infringement, the plaintiff's need for disclosure outweighs any

First Amendment privacy interests that may be at stake.  *See id.*; *accord Call of the Wild Movie,*

*LLC v. Does 1-1,062*, Civil Action No. 10-455, 2011 WL 996786, at *15 (D.D.C. Mar. 22,

2011); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004)

("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right

to use the judicial process to pursue what appear to be meritorious copyright infringement

claims.").  Therefore, the Court declines to quash the subpoenas on the basis of any asserted

privacy rights by the internet subscribers.

    In addition to these arguments, many movants have objected to the subpoenas on the

grounds that they have no contacts with the District of Columbia and therefore this Court lacks personal jurisdiction over them.  Many movants have also objected on the grounds that Plaintiff has improperly joined them as defendants in this action.  Finally, several movants have raised other objections to the subpoenas on procedural grounds.  The Court shall address these issues below.

1. <u>Motions to Quash or Dismiss Based on a Lack of Personal Jurisdiction</u>

Many of the movants seek to quash the subpoenas seeking their contact information or, alternatively, dismissal of claims asserted against them in the Complaint, on the ground that they have no contacts with the forum jurisdiction and therefore this Court lacks personal jurisdiction over them.  Because the Court will be unable to exercise personal jurisdiction over them, these movants argue, there is no basis for authorizing discovery of their contact information through a subpoena.  Many movants also argue that the claims against them should be dismissed because the Complaint fails to allege any facts connecting them to the District of Columbia.  However, these arguments are based on a misunderstanding of the nature of personal jurisdiction and the manner in which courts exercise it.

Lack of personal jurisdiction is a threshold defense that is waived unless a defendant raises it in an answer or pre-answer motion.  Fed. R. Civ. P. 12(b), (h)(1).  Accordingly, the plaintiff is not required to plead the basis for personal jurisdiction over any defendant in the complaint.  *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995).  Once a defendant raises the defense of lack of personal jurisdiction, "the general rule is that a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts."  *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988).  To meet this burden, the plaintiff will

7

normally be afforded the opportunity to engage in discovery relating to jurisdictional facts.  *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("[I]f a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified.").  "Therefore, before the complaint has been served and a response received, the court is not positioned to determine conclusively whether personal jurisdiction exists."  *Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C. Cir. 1986) (per curiam).

Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process.  Although the movants generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion.  If, as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those third parties, rather than the movants themselves, who should properly be named as defendants.  Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.  Therefore, it is premature to evaluate their jurisdictional defenses.  Furthermore, even assuming that the movants will ultimately be named as defendants, they will have the opportunity to assert their jurisdictional defenses once they are served with process, either in their answers or in pre-answer motions to dismiss.  Until that time, the Court finds their arguments to be premature.  Other courts have reached a similar conclusion based on the unavailability of jurisdictional discovery to the plaintiff.  *See, e.g., Call of the Wild Movie*, 2011 WL 996786 at *8-10 ("[A]t this juncture when no putative defendant has been named, the Court has limited information to assess whether any putative defendant has a viable defense of lack of personal jurisdiction or to evaluate

possible alternate bases to establish jurisdiction); *London-Sire Records, Inc. v. Doe 1*, 542 F.

Supp. 2d 153, 180-81 (D. Mass. 2008) (denying motion to quash for lack of personal jurisdiction

filed by Jane Doe defendant because jurisdictional discovery might establish a basis for

jurisdiction); *Sony Music Entm't*, 326 F. Supp. 2d at 567-68 (concluding that it would be

premature to determine that personal jurisdiction is lacking before the defendant had been

identified).

Therefore, the Court shall deny movants' motions to quash and alternative motions to

dismiss based on an alleged lack of personal jurisdiction.

2.      Misjoinder of John Doe Defendants

Many movants have argued that the subpoenas should be quashed because Plaintiff has

improperly joined all 5829 John Doe Defendants into a single action.  Some movants have asked

in the alternative that the Court sever them from this action as a remedy for the improper joinder.

Permissive joinder is governed by Federal Rule of Civil Procedure 20, which provides in relevant

part:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is
> asserted against them jointly, severally, or in the alternative with respect to or arising
> out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Misjoinder of parties is not a ground for dismissing an action.  Fed. R.

Civ. P. 21.  "On motion or on its own, the court may at any time, on just terms, add or drop a

party.  The court may also sever any claim against a party."  *Id.*  The purpose of Rule 20 is "to

promote trial convenience and expedite the final resolution of disputes, thereby preventing

multiple lawsuits, extra expense to the parties, and loss of time to the court as well as the litigants

9

appearing before it." *M.K. v. Tenet*, 216 F.R.D. 133, 137 (D.D.C. 2002).  "[T]he two prongs of

Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy . . . in

a manner that will secure the just, speedy, and inexpensive determination of the action."

*Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010) (citations and

alterations omitted).

Here, the movants contend that the claims against the John Doe Defendants are misjoined

because they do not arise out of the same transaction, occurrence, or series of transactions or

occurrences.  In determining whether claims are part of the same transaction, occurrence, or

series of transactions and occurrences, the Court asks whether the claims are logically related.

*See Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10 & n.6 (D.D.C. 2004) (citing cases).  The

movants argue that each John Doe's alleged infringing activity is separate and distinct from the

alleged infringing activity of every other John Doe Defendant, and therefore Plaintiff must bring

a separate action against each John Doe Defendant rather than join all 5829 defendants into a

single lawsuit.  However, the movants give short shrift to the allegations in the Complaint.

Plaintiff alleges that each John Doe Defendant participated in a single "swarm" of BitTorrent

users in which Plaintiff's copyrighted film was unlawfully shared, downloaded, and distributed.

*See* Compl. ¶ 17.  Plaintiff alleges that the BitTorrent protocol allows users in the "swarm" to

download and upload from each other simultaneously.  *Id.* ¶ 18.  Therefore, Plaintiff has alleged

that the John Doe Defendants were sharing Plaintiff's copyrighted film with one another via the

BitTorrent protocol.  As Judge Beryl A. Howell recently explained in a similar case, "[e]ach

putative defendant is a possible source for the plaintiffs' motion pictures, and may be responsible

for distributing the motion pictures to the other putative defendants, who are also using the same

file-sharing protocol to copy the identical copyrighted material." *See Call of the Wild Movie*,

2011 WL 996786, at *5.  The Court finds that these allegations are sufficient to satisfy the first

prong of the test for permissive joinder.  The second prong of the test, common questions of law

or fact, is easily met because the claims asserted against each John Doe Defendant are identical.

At this stage of the litigation, it is sufficient that the claims as alleged in the Complaint

meet the requirements of Rule 20 for permissive joinder.  The joinder of these claims promotes

judicial efficiency by consolidating the claims into a single action for coordinated discovery and

pretrial management.  Although the Court may need to reconsider whether joinder is proper once

individual defendants have been named and entered appearances in this action, the Court sees no

prejudice to the parties at this time by allowing Plaintiff to proceed against all defendants in a

single action.  Accordingly, the Court declines to sever any of the defendants or quash the

subpoenas on the ground that the John Doe Defendants have been misjoined.

3.     Other Procedural Defects in the Subpoenas

Several of the movants have raised other procedural objections to the subpoenas.  For

example, some movants have claimed that the subpoenas fail to allow a reasonable time to

comply, and others have argued that the subpoenas impose an undue burden.  Some of these

objections appear to be based on the mistaken belief that the subpoena is directed at the movants

personally, rather than the ISPs who were served with the subpoenas.  To date, none of the ISPs

have asked the Court to modify or quash the subpoenas served by Plaintiff, and the ISPs are the

proper parties to be filing such a motion.  "A motion to quash, or for a protective order, should

generally be made by the person from whom the documents or things are requested."

*Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) (quoting 9A

Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1995)).

"A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of

privilege, propriety interest, or personal interest in the subpoenaed matter." *Id.*; *accord Windsor*

*v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no

standing to quash a subpoena served upon a third party, except as to claims of privilege relating

to the documents being sought.").

Here, the Court has already addressed the movants' claims that they have a privacy

interest in their identifying information that should be protected from disclosure by their ISPs.

Other objections raised by movants, such as those based on alleged defects in the form of the

subpoenas or improper service, may only be raised by the ISPs themselves in an appropriate

motion to quash or for protective order. *See, e.g.*, *Fenstermacher v. Morena*, No. 1:08-cv-01447-

SKO, 2010 WL 5071042, at *3-5 (E.D. Cal. Dec. 7, 2010) (finding party lacked standing to

quash subpoena based on alleged undue burden to the subpoenaed third party). Accordingly, the

Court declines to quash or modify the subpoenas on the basis of procedural defects alleged by the

movants.

## CONCLUSION

For the foregoing reasons, the Court finds that the movants' privacy interest in their

identifying information does not outweigh Plaintiff's need to obtain such information to pursue

its copyright claims. Therefore, the Court finds that there is no basis to quash or modify the

subpoenas based on the movants' alleged privacy interests or to allow the movants to proceed

anonymously. Furthermore, the Court finds that until Plaintiff has named and served the

defendants in this action, it is premature to evaluate the movants' assertions that this Court lacks

12

personal jurisdiction over them.  The Court further finds that based on the allegations in the

Complaint, Plaintiff has satisfied the requirements for permissive joinder of the John Doe

Defendants in this action.  The Court further finds that the movants lack standing to assert other

procedural objections to the subpoenas served on ISPs.

Accordingly, the Court shall deny the pending motions to quash and/or for protective

orders relating to the subpoenas served by Plaintiff.  The Court shall also deny the pending

motions to dismiss for lack of jurisdiction and motions to sever pursuant to Rule 21 filed by

putative John Doe Defendants.  The Court shall also deny the motions filed by movants seeking

to proceed anonymously and instruct the Clerk of the Court not to accept such motions for filing.

An appropriate Order accompanies this Memorandum Opinion.

Date:   June 10, 2011

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge