**U.S. DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **West Coast Productions, Inc.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Number 1:11-cv-00057-CKK** |
| | ) | |
| **DOES 1 – 5829** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS [Fed. R. Civ. P. 4(m)]

I. INTRODUCTION

Plaintiff submits this motion and requests an extension of time to name and serve Defendants.

Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture (the "Movie") over the Internet.  Plaintiff's Complaint was filed on January 10, 2011.  [Doc. No. 1].  At the time of filing its Complaint, Plaintiff was only able to identify the Doe Defendants by their IP address and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

On February 3, 2011, the Court granted Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference.  [Doc. No. 6].  The following day, after the Court's Order approving Plaintiff to conduct discovery, Plaintiff confirmed various ISPs as potential subjects of

discovery requests.  Pursuant to the Court's Order, on February 4, 2011, Plaintiff issued service

of subpoenas to all ISPs that are known to be potential subjects of discovery requests in this

matter to identify the Doe Defendants.  Pursuant to that order, Plaintiff has served the ISPs with

subpoenas to identify the Doe Defendants.

> Pursuant to the Court's Order of April 13, 2011:
>
> As Plaintiff filed its Complaint on January 10, 2011, it has until May 10, 2011
> to serve the defendants or risk dismissal without prejudice with respect to those
> defendants not served.  Because Plaintiff appears to be working with ISPs to
> ascertain the identities of the John Doe defendants, it appears to the Court that
> there is good cause to extend the period of service under Rule 4(m) with respect
> to those Defendants that have not yet been identified.  However, the Court shall
> monitor Plaintiff's discovery efforts to ensure that it is working diligently to
> identify the John Does.

[Doc. No. 31 at p. 2].

On April 22, 2011 Plaintiff filed a status report [Doc. No. 40] setting forth the status of

identification of the John Doe Defendants as of April 15, 2011.  At that time Plaintiff had

identified 797 of the John Doe Defendants.  These 797 John Doe Defendants have now been

dismissed without prejudice.  Another 320 John Doe Defendants could not be identified due to

lack of available information from an ISP.  These 320 John Doe Defendants have also been

dismissed without prejudice.

On May 11, 2011 the Court entered an Order extending the date to serve Doe Defendants

identified as of May 20, 2011 to June 20, 2011 and all other Doe Defendants by June 30, 2011

[Doc. 72].

On June 1, 2011 Plaintiff filed a status report identifying 4080 John Doe Defendants as

remaining subjects of subpoenas as of May 20, 2011 [Doc. 116].

With respect to those John Doe Defendants for whom identifying information was not

received as of May 20, 2011, Plaintiff requests that the Court extend the time by which Plaintiff

must name and serve the Defendants in this case to a reasonable time after Plaintiff has received

the identifying information for those Defendants.

II. ARGUMENT

    A.    UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE
TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days

after the complaint is filed.  Fed. R. Civ. P. 4(m).  However, if the plaintiff shows good cause for

the failure to serve a defendant, "the court *must* extend the time for service for an appropriate

period."  Id. (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp.,

94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has

no choice but to extend the time for service, and the inquiry is ended.").  Further, district courts

have discretion to grant extensions of the 120-day period to effect service of process even in

absence of good cause.  See Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996)

(citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[1]

"To determine whether good cause exists, a court considers whether plaintiff made

reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay."

Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001).  "Good

cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve

---

[1] "The factors to be considered in deciding whether to grant this relief are '(1) whether the
applicable statute of limitations would bar the refiled action; (2) whether the defendant had
actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to
conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting
of plaintiff's request for relief from the provision.'"  Beauvoir v. U.S. Secret Service, 234 F.R.D.
55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL
1711184 (E.D.N.Y) at *2).

process in a timely manner was the result of circumstances beyond its control.'"  Eastern

Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999)

(quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3

(S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been

sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct

discovery to identify the defendants and subsequently name and serve them.  See Aviles v.

Village of Bedford Park, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated

discovery aimed at determining the officers' identities, and we are hesitant to dismiss a

potentially meritorious lawsuit on essentially procedural grounds when such discovery requests

are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding

that the "district court abused its discretion in not permitting the discovery sought by the

appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the

complaint was error").


   B.      PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR
           SERVICE.

As acknowledged by the Court in its Orders of April, 13, 2011, and May 11, 2011

Plaintiff has good cause as to why it has not named and served many of the Doe Defendants in

this case.  More specifically, Plaintiff has not yet received information in response to all of the

subpoenas Plaintiff has served on the ISPs.  The subpoenas for which Plaintiff has not yet

received complete productions constitute a significant number of the Doe Defendants. *See* Doc.

Nos. 40 and 116.  Plaintiff has not received this information because of the number of IP address

requests and certain ISPs' capabilities, including responding to subpoenas in similar cases, have required extensions of the production dates.

As detailed in Plaintiff's status reports filed on April 22, 2011, and June 1, 2011, Plaintiff's counsel anticipates receiving much more production in the coming weeks and months. In working with, among others, Comcast, Charter and Verizon on this case, Plaintiff's counsel has agreed to schedules for production for these ISPs that attempt to minimize the burdens on the ISPs and avoid any motions practice in court.  For instance, it is anticipated that Comcast will make a complete production in this case by the end of June 2011.

Further, Plaintiff plans on sending correspondence to the Doe Defendants identified by the ISPs in an attempt to settle with those Doe Defendants before naming and serving them. Plaintiff has, or shortly will, send correspondence to the Doe Defendants who have been identified to date.  However, Plaintiff can not send out correspondence on the remaining subpoenas until Plaintiff receives the information from the ISPs.

Additionally, Plaintiff has not received identifying information for certain individuals from the ISPs as a result of various motions that had been filed that were not decided until this Court issued an Order [Doc. No. 125] on June 10, 2011 denying those motions.  Information for the Doe Defendants that had filed motions has been requested, but has not yet been received.

Accordingly, good cause exists as to why Plaintiff has not yet named and served the remaining Doe Defendants in this case.  First, Plaintiff has not yet received all of the identifying information for all Doe Defendants.  Second, Plaintiff has not yet been able to send correspondence to the Doe Defendants in an attempt to reduce the number of Defendants and lessen the overall litigation of this case.  Further, the remaining Doe Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.

Therefore, the Court should extend the time for service for an appropriate period to allow

Plaintiff to obtain identifying information from the remaining ISPs.  In the alternative, the Court

should exercise its discretion in allowing Plaintiff additional time to name and serve the

Defendants.[2]

III. CONCLUSION

      For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the

time by which Plaintiff must name and serve the Defendants in this case.  In an abundance of

caution, Plaintiff requests an additional 180 days in which to effectuate service for Doe

Defendants for whom identifying information had not been received as of May 20, 2011.


            Respectfully submitted,
            West Coast Productions, Inc.

**DATED**:  June 20, 2011

          By:    /s/
             Ellis L. Bennett, Bar #479059
             Dunlap Grubb & Weaver, PLLC
             199 Liberty Street, SW
             Leesburg, VA 20175
             ebennett@dglegal.com
             703-777-7319 (telephone)
             703-777-3656 (fax)

             On Behalf of Kenneth J. Ford, *Not Admitted*
             Adult Copyright Company
             322 W. Washington Street, Suite 8
             Charles Town, WV 25414
             kford@adultcopyrightcompany.com
             304-945-0288 (telephone)
             304-945-0288 (select fax option)
             *Attorney for the Plaintiff*

---

[2] If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice.  Fed. R. Civ. P. 4(m).