U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| West Coast Productions, Inc. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DOES 1 – 5829 )<br>)<br>    Defendants. )<br>_____) | Case Number 1:11-cv-00057-CKK |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS [Fed. R. Civ. P. 4(m)]

I. INTRODUCTION

    Plaintiff submits this motion and requests an extension of time to name and serve Defendants.

    Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture (the "Movie") over the Internet. Plaintiff's Complaint was filed on January 10, 2011. [Doc. No. 1]. At the time of filing its Complaint, Plaintiff was only able to identify the Doe Defendants by their IP address and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

    On February 3, 2011, the Court granted Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference. [Doc. No. 6]. The following day, after the Court's Order approving Plaintiff to conduct discovery, Plaintiff confirmed various ISPs as potential subjects of

discovery requests. Pursuant to the Court's Order, on February 4, 2011, Plaintiff issued service of subpoenas to all ISPs that are known to be potential subjects of discovery requests in this matter to identify the Doe Defendants. Pursuant to that order, Plaintiff has served the ISPs with subpoenas to identify the Doe Defendants.

Pursuant to the Court's Order of April 13, 2011:

> As Plaintiff filed its Complaint on January 10, 2011, it has until May 10, 2011 to serve the defendants or risk dismissal without prejudice with respect to those defendants not served. Because Plaintiff appears to be working with ISPs to ascertain the identities of the John Doe defendants, it appears to the Court that there is good cause to extend the period of service under Rule 4(m) with respect to those Defendants that have not yet been identified. However, the Court shall monitor Plaintiff's discovery efforts to ensure that it is working diligently to identify the John Does.

[Doc. No. 31 at p. 2].

On April 22, 2011 Plaintiff filed a status report [Doc. No. 40] setting forth the status of identification of the John Doe Defendants as of April 15, 2011. At that time Plaintiff had identified 797 of the John Doe Defendants. These 797 John Doe Defendants have now been dismissed without prejudice. Another 320 John Doe Defendants could not be identified due to lack of available information from an ISP. These 320 John Doe Defendants have also been dismissed without prejudice.

On May 11, 2011 the Court entered an Order extending the date to serve Doe Defendants identified as of May 20, 2011 to June 20, 2011 and all other Doe Defendants by June 30, 2011 [Doc. 72].

On June 1, 2011, Plaintiff filed a Status Report providing the information requested by the Court. According to the Status Report, 1156 John Doe Defendants had been dismissed as of June 1, 2011, and Plaintiff had identified 748 additional John Doe Defendants as of May 20, 2011. Plaintiff also indicated that 56 John Doe Defendants could not be identified due to lack of

available information from an ISP.  Pursuant to the Court's May 11, 2011 Order, Plaintiff had until to June 20, 2011 to serve these Defendants and until June 27, 2011 to file proof of service with the Court.  On July 11, 2011, the Court issued an Order [Doc. 144] dismissing these Defendants without prejudice pursuant to Rule 4(m).  The Court's July 11, 2011 Order also required that Plaintiff file by July 15, 2011, a Status Report indicating: (a) which of the John Doe Defendants had been dismissed; (b) which of the John Doe Defendants had been identified as of July 1, 2011; (c) which John Doe Defendants remained the subjects of pending subpoenas; and (d) which John Doe Defendants could not be named due to lack of available information from an ISP.  The Court's Order also required that all John Doe Defendants be served no later than August 15, 2011.

As of this time, Plaintiff has made substantial progress in obtaining identifying information for the John Doe Defendants by working with the ISPs.  As of now 1204 John Doe Defendants remain the subjects of subpoenas.  Accordingly, Plaintiff asks for an extension of time for service of all John Doe Defendants that have not yet been identified.

II. ARGUMENT

      A.     UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period."  Id. (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp.,

94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause. See Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[1]

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests

---

[1] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

### B. PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

As acknowledged by the Court in its previous Orders, Plaintiff has good cause as to why it has not named and served many of the Doe Defendants in this case. More specifically, Plaintiff has not yet received information in response to all of the subpoenas Plaintiff has served on the ISPs. The subpoenas for which Plaintiff has not yet received complete productions constitute a significant number of the Doe Defendants. Plaintiff has not received this information because of the number of IP address requests and certain ISPs' capabilities, including responding to subpoenas in similar cases, have required extensions of the production dates.

As detailed in Plaintiff's status reports filed on April 22, 2011, June 1, 2011 and July 15, 2011, Plaintiff's counsel anticipates receiving much more production in the coming weeks and months. Plaintiff's counsel continues to work with the ISPs, and significant production is expected soon from Cox Communications and Comcast in particular.

Additionally, Plaintiff has not received identifying information for certain individuals from the ISPs as a result of various motions that had been filed that were not decided until this Court issued an Order [Doc. No. 125] on June 10, 2011 denying those motions. Information for

the Doe Defendants that had filed motions has been requested, but has not yet been received. Such information from Comcast is anticipated within the next two to three weeks.

Accordingly, good cause exists as to why Plaintiff has not yet named and served the remaining Doe Defendants in this case.  First, Plaintiff has not yet received all of the identifying information for all Doe Defendants.  Second, Plaintiff has not yet been able to send correspondence to the Doe Defendants in an attempt to reduce the number of Defendants and lessen the overall litigation of this case.  Further, the remaining Doe Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension. Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the remaining ISPs.  In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.[2]

III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case.  In an abundance of caution, Plaintiff requests an additional 180 days in which to effectuate service for the Doe Defendants that have not yet been identified.

Respectfully submitted,
West Coast Productions, Inc.

---

[2]  If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice.  Fed. R. Civ. P. 4(m).

**DATED**:  August 5, 2011

By:   /s/
Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)

On Behalf of Kenneth J. Ford, *Not Admitted*
Adult Copyright Company
322 W. Washington Street, Suite 8
Charles Town, WV 25414
kford@adultcopyrightcompany.com
304-945-0288 (telephone)
304-945-0288 (select fax option)
*Attorney for the Plaintiff*