UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOES 1-5829,<br><br>    Defendants. | Civil Action No. 11-057 (CKK) |

**ORDER**
(August 9, 2011)

   Plaintiff filed the Complaint in this action on January 10, 2011 against 5829 "John Doe" Defendants alleging that Defendants unlawfully downloaded and/or distributed Plaintiff's copyrighted film using the BitTorrent internet file-sharing protocol.  The Defendants are identified in the Complaint by the internet protocol ("IP") address they used to allegedly share Plaintiff's copyrighted work at a particular date and time.  On February 3, 2011, the Court granted Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, enabling Plaintiff to serve subpoenas on various internet service providers ("ISPs") for the purpose of obtaining information to identify the John Doe Defendants.  Plaintiff has voluntarily dismissed its claims against many of these John Doe Defendants, and the Court has previously ordered that claims against certain John Doe Defendants be dismissed without prejudice pursuant to Rule 4(m).  Presently pending before the Court is Plaintiff's [149] Motion for Extension of Time to Name and Serve Defendants.  Pursuant to Rule 4(m), the Court must extend the time for service if the plaintiff shows good cause for failing to serve defendants within 120 days after the

complaint has been filed.

Plaintiff contends that there is good cause to grant an extension of time to serve the defendants because Plaintiff has not yet received information in response to all of the subpoenas Plaintiff has served on ISPs. Plaintiff's counsel indicates that he anticipates receiving more productions from the ISPs in the coming weeks and months. The Court previously granted Plaintiff's requests for extension of time based on Plaintiff's efforts to work with ISPs to identify the unknown defendants. However, the Court also warned Plaintiff that the Court would not permit this case to languish on its docket indefinitely. Although Plaintiff contends that an extension of time would not prejudice the remaining John Doe Defendants, the Court finds that it is important to resolve any uncertainty over defendants' identities in an expeditious manner. This is particularly so in light of the fact that this Court likely lacks personal jurisdiction and venue over a large number of the defendants. *See, e.g.*, *Nu Image, Inc. v. Does 1-23,322*, Civil Action No. 11-cv-00301, 2011 WL 3240562 (D.D.C. July 29, 2011) (Wilkins, J.) (denying motion for jurisdictional discovery in copyright lawsuit where vast majority of John Doe defendants were unlikely to reside in the District of Columbia). In this case, Plaintiff has had over six months in which to serve subpoenas and gather information from ISPs. Although the Court recognizes that there are a large number of defendants involved in this action, the Court cannot allow the slow pace of some ISPs' response to subpoenas to dictate the progress of this litigation. Accordingly, the Court shall establish a firm final deadline by which Plaintiff must name and serve the remaining unidentified defendants.

For the foregoing reasons, it is, this 9th day of August, 2011, hereby

**ORDERED** that Plaintiff's [149] Motion for Extension of Time to Name and Serve

Defendants is GRANTED-IN-PART and DENIED-IN-PART.  Plaintiff shall have until September 1, 2011 to cause process to be served on all remaining defendants or risk mandatory dismissal with respect to those defendants pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff shall file proof of service as to these defendants by no later than September 8, 2011.

**SO ORDERED.**

Date:   August 9, 2011

                                                    /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge